NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALISSOU KARIM-SEIDOU,<br><br>Plaintiff,<br><br>v.<br><br>CMA/CGM AMERICA, LLC, and TROY CONTAINER LINES LTD.,<br><br>Defendants. | Civil Action No. 23-12579<br><br>**OPINION**<br><br>December 20, 2024 |

**SEMPER**, District Judge.

Before the Court are Defendant CMA CGM (America) LLC's ("CMA CGM") motion to dismiss (ECF 72) and Defendant Troy Container Line's ("Troy" and together with CMA CGM, "Defendants") motion to dismiss (ECF 81) pro se Plaintiff Salissou Karim-Seidou's ("Plaintiff") Amended Complaint (ECF 26, "Am. Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed both motions. (ECF 84; ECF 86.) Defendants filed replies. (ECF 87; ECF 91.) The Court considered the Plaintiff's Complaint and the parties' submissions, and the motions were decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motions are **GRANTED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In or around June 2018, Plaintiff engaged a transport broker, Guaranteed Shipping Company ("Guaranteed"), to make necessary

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). These facts are drawn from the Amended Complaint. (ECF 26.) This Court also relies on documents integral to or relied upon by the Amended Complaint. *See In Re Burlington Coat Factory Sec.*

arrangements to transport containers of goods to Togo. (*See* Am. Compl. at 2, 4.) Guaranteed contracted with Defendant Troy Container Lines to undertake transport obligations. (*See id.* at 2-7.) Troy, in turn, contracted with CMA CGM to perform the actual ocean carriage. (*Id.*) Missing documentation prevented timely shipping and caused demurrage charges. (*Id.* at 7-12.) Plaintiff has filed several complaints in this Court and in other districts, asserting various state law claims.[2] On November 5, 2023, Plaintiff filed an Amended Complaint concerning the same factual allegations but replacing his prior state law claims with two claims pursuant to Section 1983. (*See* Am. Compl. at 13-14.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

---

*Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (allowing consideration of exhibits referenced but not explicitly cited in the complaint).

[2] *See* Plaintiff's Connecticut case: *Karimas Import Export, LLC v. Guaranteed International Shipping, LLC, Troy Container Line, LTD., and CMA/CGM* (Dkt. No. 3:19-cv-01447) and Southern District of New York case: *Karim-Seidou Salissou (pro se) v. CMA/CGM America, LLC-New York and Troy Container Lines* (Dkt. No. 7:23-cv-07661).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. ANALYSIS

Plaintiff initiated this action pursuant to Section 1983. Section 1983 allows a plaintiff to bring a claim for certain violations of his or her constitutional rights.[3] To state a claim for relief under Section 1983, a plaintiff must allege the defendant: (1) violated a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed or caused by a person acting under color of state law. *Mikhaeil v. Santos*, 646 F. App'x 158, 161-62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Plaintiff makes no allegations that either Defendant acted under the color of state law. (*See generally* Am. Compl.) It is axiomatic that Section 1983 claims require state action. *McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *8 (D.N.J. June 4, 2014). A private entity like Troy or CMA CGM acts under the color state law only where "the private entity has exercised powers that are traditionally the

---

[3] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

exclusive prerogative of the state[;]" or where "the private party has acted with the help of or in concert with state officials[;]" or where "the State has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Sharp v. Kean Univ.*, 153 F. Supp. 3d 669, 673 (D.N.J. 2015) (quoting *Cyber Promotions, Inc. v. America Online, Inc.*, 948 F. Supp. 436, 441-42 (E.D. Pa. 1996) (citations and quotations omitted)). Plaintiff makes no such allegations and therefore fails to state a claim under Section 1983 as to either Defendant.

When dismissing a case brought by a pro se plaintiff, a court must decide whether the dismissal will be with or without prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). A party may not amend a complaint that is dismissed with prejudice because a dismissal with prejudice operates as an adjudication on the merits and bars a later action against the same defendants or their privies. *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972). The district court may dismiss with prejudice, thus denying leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Given Plaintiff's claims, the Court determines that even if Plaintiff were to plead new facts, Plaintiff would be unable to avoid the various immunities and bars to suit extensively briefed by Defendants. As a result, the Court will not provide Plaintiff with leave to file an amended complaint as the Court concludes that any amendment would be futile. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED.** Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:     Clerk
cc:       José R. Almonte, U.S.M.J.
          Parties

5