<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SALISSOU KARIM-SEIDOU, | Civil Action No. 23-12579 |
| *Plaintiff,* | |
| v. | **OPINION** |
| CMA CGM AMERICA, LLC-New York and TROY CONTAINER LINES, LTD, | May 4, 2026 |
| *Defendants.* | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon the motion of Salissou Karim-Seidou ("Plaintiff") for leave to further amend his complaint pursuant to Federal Rule of Civil Procedure 60(b) and 15(a). (ECF 107, "Mot.") Plaintiff filed his motion on October 3, 2025. Defendant CMA CGM (America) LLC ("CMA CGM") filed a brief opposing Plaintiff on October 27, 2025. (ECF 108, "CMA CGM Opp.") Defendant Troy Container Lines, LTD ("Troy") filed an opposition brief adopting CMA CGM's motion that same day. (ECF 109, "Troy Opp.") The Court considered Plaintiff's complaint and the parties' submissions, and the motions were decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **DENIED**.

**WHEREAS**, the facts of this matter are stated in its entirety in the Court's December 20, 2024 Opinion granting Defendants' motions to dismiss (ECF 102, "Op.") The Court incorporates the statement of facts from the Opinion and full and briefly summarizes new procedural developments in the case; and

1

**WHEREAS**, after the Court granted Defendants' motions to dismiss for failure to state a claim, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit on December 30, 2024. (ECF 104.) The Third Circuit affirmed this Court's decision on September 4, 2025. (ECF 106.) Plaintiff then filed the present Motion for Leave to Further Amend his complaint, seeking the opportunity to "subtract, add or modify, other alleged claims upon which relief may be sought due to mistakes and excusable neglect." (Mot. at 2.) Plaintiff contends leave should be granted on two grounds. First, Plaintiff argues the Court should use its discretionary authority under Fed. R. Civ. P. 15(a)(2) to allow Plaintiff to further amend his complaint. Second, Plaintiff argues Fed. R. Civ. P. 60(b) compels him leave to amend his complaint on the grounds this Court made a clerical mistake in its characterization of Plaintiff's amended complaint.[1] (ECF 24.) The purported mistake was that the Court determined the amended complaint to only allege a cause of action under 18 U.S.C. § 1983, when Plaintiff actually intended to include additional claims.[2] (*See generally id.*); and

**WHEREAS**, Defendant CMA CGM opposed Plaintiff's motion arguing Plaintiff has not demonstrated he is entitled to leave under Fed. R. Civ. P. 60(b) because "Plaintiff identifies no exceptional circumstances warranting Rule 60(b) relief" and Plaintiff is attempting to "use Rule 60(b) as a vehicle to relitigate matters the appellate court has already considered and rejected." (CMA CGM Opp. at 6-7.) The only mistake in CMA CGM's view was Plaintiff's own misunderstanding of the Court's docket, "Plaintiff's unilateral decision to amend his Complaint based on his misunderstanding of a clerk's docket notation … does not constitute the type of

---

[1] Although FRCP 60(a) provides grounds for relief from judgment due to "a clerical mistake or a mistake arising from oversight or omission[,]" Plaintiff asserts the alleged clerical mistake amounts to a mistake or excusable neglect under FRCP 60(b)(1). Fed. R. Civ. P. 60(a).

[2] Plaintiff's original complaint included improperly pleaded claims for breach of marine contract and larceny.

judicial or clerical error contemplated by Rule 60(b)(1)." (CMA CGM Opp. at 6.) Indeed, Plaintiff admitted his request to amend his claim was based on him "follow[ing] the court claims on the [d]ocket page and request[ing] a leave to amend his complaint thinking that the court chose the right cause of action." (Mot. at 6.) CMA CGM also requests reasonable attorney's fees in light of Plaintiff's "vexatious and bad-faith litigation conduct." (CMA CGM Opp. at 9.); and

**WHEREAS**, Defendant Troy adopts CMA CGM's arguments that Plaintiff seeks to relitigate final decisions of this Court and the Third Circuit. (Troy Opp. at 1.) Troy also joins CMA CGM's request for the reimbursement of attorney's fees and costs incurred in responding to Plaintiff's Motion for Leave to Further Amend. (Troy Opp. at 3.); and

**WHEREAS**, a Motion for Leave to Further Amend is appropriate when the movant shows "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). In *Blom Bank Sal v. Michal Honickman, et al.*, 605 U.S. 204, 210 (2025), the Supreme Court ruled that "a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." The Court further clarified that "[i]t is Rule 60(b)'s standard—and *only* Rule 60(b)'s standard—that applies when a party seeks relief from final judgment. A party seeking Rule 60(b)(6) relief must always demonstrate 'extraordinary circumstances' justifying relief." *Id.* at 214. This standard makes it clear that this Court cannot simply grant Plaintiff's request under Rule 15(a). Plaintiff must show extraordinary circumstances entitling him to relief in order to amend his complaint for a third time after final judgment has been entered; and

**WHEREAS**, it is of no significance that the Plaintiff-Respondent in *Blom Bank Sal* filed for relief under Rule 60(b)(6), and Mr. Karim-Seidou cites Rule 60(b)(1). Rule 60(b)(6) is a "catchall" provision that provides grounds for relief "not already covered by the preceding five

3

paragraphs." *Id*. at 211. Plaintiff's alleged clerical error is not an "extraordinary circumstance" that entitles him to relief under any Rule 60(b) provision. The Third Circuit has already determined that consideration of the claims in Plaintiff's original complaint would have still resulted in dismissal, "even if the District Court had considered the claims Karim-Seidou had brought in his original complaint, dismissal would have been appropriate." *Karim-Seidou v. CMA CGM LLC*, No. 25-1005, 2025 WL 2542164, at *2 (D.N.J. Sept. 4, 2025); and

**WHEREAS**, the Third Circuit expressly affirmed this Court's denial of Plaintiff's further leave to amend, "the District Court did not abuse its discretion in denying Karim-Seidou further leave to amend." *Id*. at *2. Therefore, Plaintiff is barred from relitigating the issue at the trial level. *In re Continental Airlines*, 279 F.3d 226, 232 (3d Cir. 2002) (holding the doctrine of the law of the case precludes litigating of an issue when "an appellate court may rule on a matter and then the same legal question may be raised in the trial court"). Thus, Plaintiff's Motion for Leave to Further Amend is **DENIED**.

**WHEREAS**, both Defendants in this matter seek attorney fees incurred while responding to the present motion on the grounds Plaintiff is engaging in vexatious litigation. (Troy Opp. at 2; CMA CGM Opp. at 9); and

**WHEREAS**, Courts may impose sanctions under Fed. R. Civ. P. 11(c) on any signer of any pleading or motion "that was presented for an improper purpose, e.g. to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995); and

**WHEREAS**, a court imposing sanctions under Rule 11 without a separate motion having been filed by a litigant "should first enter an order describing the specific conduct that it believes will warrant sanctions and direct the person it seeks to sanction to show cause why particular

4

sanctions should not be imposed." *Id*. A court may also impose sanctions under its inherent authority, usually upon a showing of bad faith, which does not require a separate order. *Id*. at 1265 ("Usually, the inherent power that a district court retains to sanction attorneys also requires bad faith."); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (holding "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (internal quotations omitted); and

**WHEREAS**, no separate motion for attorney's fees has been filed under Rule 5 by either Defendant. Therefore, the Court may sanction Plaintiff pursuant to Fed. R. Civ. P. 11(c)(3) or its inherent powers. The Court determines that, because Plaintiff is *pro se*, a fair opportunity to show cause as to why attorney's fees should not be imposed on him is warranted; and

**WHEREAS**, for this reason, the Court opts to initiate sanctions pursuant to Rule 11. The Court will therefore issue an Order directing Plaintiff to show cause as to why the conduct specifically described in the Order does not violate Fed. R. Civ. P. 11(b). An appropriate Order will follow this opinion.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jose R. Almonte, U.S.M.J.
       Parties

5