**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SALISSOU KARIM-SEIDOU,<br><br>*Plaintiff*,<br><br>v.<br><br>CMA CGM AMERICA, LLC-New York and TROY CONTAINER LINES, LTD,<br><br>*Defendants*. | Civil Action No. 23-12579<br><br>**OPINION AND ORDER**<br><br>October 16, 2026 |

**SEMPER**, District Judge

**THIS MATTER** comes before the Court upon the requests made by Defendants CMA-CGM America, LLC ("CMA CGM") and Troy Container Lines, LTD ("Troy") (collectively, "Defendants") in their opposition briefs for this Court to use its inherent authority to award them reasonable attorneys' fees and costs for the time and expenses incurred while opposing Plaintiff Salissou Karim-Seidou's ("Plaintiff") Motion for Leave to Further Amend, pursuant to Federal Rules of Civil Procedure ("Rule") 60 and 15(a). (ECF 107; ECF Nos. 108, 109.) This Court rejected Plaintiff's Motion for Leave to Further Amend and declined to use its inherent authority to sanction Plaintiff in its Opinion issued on May 4, 2026. (ECF 111, "Opinion" or "Op.") In its Opinion, the Court ordered Plaintiff to show cause why his litigation conduct did not violate Rule 11(b) pursuant to Rule 11(c)(3), which allows district courts to sanction parties on their own initiative.[1] (*See* Op.; ECF 112.) Plaintiff filed his response to the Court's Order on May 11, 2026.

[1] Rather than sanctioning Plaintiff pursuant to the inherent authority of the federal district courts, the Court opted to follow the procedures set forth in Rule 11(c)(3) to consider imposing

(ECF 113, "Response" or "Res.") The Court subsequently ordered Defendants to file affidavits describing their expenses incurred in responding to Plaintiff's Motion for Leave to Further Amend pursuant to Local Civil Rule 54.2. (ECF 114.) CMA CGM filed a Motion for Attorney Fees in response to the Court's Order on May 24, 2026, (ECF 115, "CMA CGM Mot."), and Troy filed a Motion for Attorney Fees in response to the Court's Order on May 25, 2026. (ECF 116, "Troy Mot.") On May 31, 2026, Plaintiff filed a Motion to Strike Defendants' opposition documents. (ECF 117.) This Court decided the present Motions upon the submissions of the parties, without oral argument, pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated below, the Court hereby **ORDERS** Plaintiff to pay attorneys' fees in the amount of $1,000 per Defendant, and **DENIES** Plaintiff's Motion to Strike.

**WHEREAS** the facts of this matter are described in the Court's December 20, 2024 Opinion granting Defendants' motions to dismiss. (ECF 102, "MTD Opinion.") The Court incorporates the statement of facts from the MTD Opinion in full and briefly summarizes new procedural developments in this case; and

**WHEREAS** after the Court dismissed Plaintiff's claims with prejudice, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit on December 30, 2024. (ECF 104.) The Third Circuit affirmed this Court's decision dismissing Plaintiff's claims with prejudice on September 4, 2025, holding Plaintiff "had two opportunities to properly frame his claims in this case and [did] not otherwise raise[] anything in the District Court or on appeal suggesting that he could state a claim if given another chance." (ECF 106; ECF 110 at 5.) Despite the Third Circuit's decision explicitly affirming this Court's denial of leave to amend, Plaintiff nonetheless filed a Motion for Leave to Further Amend his Complaint on October 3, 2025. (*See*

---

sanctions on Plaintiff. (*See* Op. at 5.)

ECF 107); and

**WHEREAS** Defendant CMA CGM opposed Plaintiff's Motion for Leave to Further Amend, which Troy joined, arguing Plaintiff improperly asked the Court to relitigate a final decision of this Court and the Third Circuit, a course of action prohibited by Rule 60(b)(1). (ECF 108 at 7.) *See Suarez v. Johnson*, No. 17-2767, 2026 WL 2255089, at *2 (D.N.J. Aug. 5, 2026) (holding a Rule 60(b) motion "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." (quoting *Jones v. Shannon*, No. 05-2255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013))); and

**WHEREAS** despite Plaintiff's attempt to seek amendment pursuant to Rules 60(b) and 15(a), "a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank Sal v. Michal Honickman, et al.*, 605 U.S. 204, 210 (2025). Accordingly, this Court denied Plaintiff's Motion for Leave to Amend as insufficiently brought because he could not satisfy the Rule 60(b) standard of demonstrating exceptional circumstances warranting relief such as "mistake, inadvertence, surprise, or excusable neglect" or any other Rule 60(b) standard. (*See* Op. at 4.) *See also* Fed. R. Civ. P. 60(b); *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.2 (2005) and;

**WHEREAS** Defendants requested in their opposition briefs that the Court exercise its inherent authority to impose sanctions on Plaintiff for his "repetitive pleadings and motions in disregard of [the] rulings" of this Court and the Third Circuit, which denied him leave to amend. (ECF Nos. 108 at 9; 109 at 1, 3.) Defendants further argued that Plaintiff should be sanctioned because "federal courts have recognized that persistent attempts to relitigate previously resolved claims, or to circumvent final judgments, may constitute such bad-faith conduct meriting fees or

other sanctions," (ECF 108 at 9 (citing *Ruschel v. Nestle Holdings, Inc.*, 89 F. App'x 518, 521 (6th Cir. 2004))), and "plaintiff's conduct not only constitute[d] bad-faith, but [wa]s the epitome of vexatious conduct." (ECF 109 at 2); and

**WHEREAS** this Court declined to sanction Plaintiff under its inherent authority as he is a *pro se* litigant. (*See* Op. at 5.) Rather, agreeing that Plaintiff has engaged in vexatious litigation, the Court ordered Plaintiff to show cause why his conduct did not violate Rule 11(b) pursuant to Rule 11(c)(3).[2] (*See* ECF 112.) "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3); and

**WHEREAS** Plaintiff responded to the Court's Order on May 11, 2026, contending he

[2] In its Order issued on May 4, 2026, the Court found:

> "Plaintiff has repeatedly attempted to reopen litigation that has already been conclusively resolved in the District of Connecticut, this Court, and the Third Circuit Court of Appeals. (ECF Nos. 23, 57-6, 103, 106.) The claims alleged by Plaintiff in the current action are substantially the same as the claims asserted in the District of Connecticut, even though Plaintiff's Motion for Relief from Judgment or Order Pending Appeal submitted to that Court was denied. (ECF Nos. 57-6.) Plaintiff also filed claims stemming from the events asserted in the Connecticut Complaint in the Southern District of New York and Togo after his unsuccessful action in Connecticut. (*Id.*) The fact that Plaintiff has filed suit against Defendants in multiple forums around the world regarding the same events strongly suggests the filings in this action were made for the purposes of harassment and increasing the cost of litigation in violation of Fed. R. Civ. P. 11(b)(1). Additionally, Plaintiff has improperly asked this Court to grant him leave to further amend his complaint, even though this Court denied the request in its Opinion granting Defendants' motions to dismiss and the Third Circuit expressly affirmed the Court's decision to do so. (ECF Nos. 102, 110-2.) Plaintiff's improper motion violated Rule 11(b)(2) on the grounds the legal contentions and claims asserted were frivolous, unwarranted by existing law, presented no viable argument for extending, modifying, or reversing existing law, or establishing new law. Fed. R. Civ. P. 11(b)(2). Such frivolous motion practice constitutes vexatious litigation. *Keister v. PPL Corporation*, 318 F.R.D. 247, 270 (M.D. Pa. 2015) (holding an award of attorney's fees was warranted when litigant acted vexatiously by filing substantively weak claims that were "reminiscent of several of his previous actions")." (ECF 112 at 2.)

should not be sanctioned because (1) Defendants failed to properly serve their opposition documents on him pursuant to Rule 5; (2) the Court has not adjudicated Plaintiff's "second amended complaint"; and (3) Plaintiff improperly believed the Third Circuit Opinion affirming this Court's dismissal of his complaint with prejudice gave him an opportunity to amend. (*See generally* Res.) Plaintiff also made arguments citing Federal Rule of Appellate Procedure 12.1, and stated that his "October 3rd 2026 second amended complaint was technically denied" even though the Court did not grant leave to file a new complaint. (*Id.* at 5.) Plaintiff then summarized the contents of the purported second amended complaint and cited to Rule 15(a)(2), arguing leave should "be freely given to him." (Res. at 5-6); and

**WHEREAS** the Court finds that Plaintiff's conduct is not excused by the reasons given in his Response. First, Plaintiff was properly served with the opposition papers via express and electronic mail by Defendants to his Norwalk, Connecticut address. (*See* ECF Nos. 108 at 11; 109 at 4.) Second, as already decided by this Court and affirmed by the Third Circuit, the Court did not err by denying Plaintiff leave to amend his complaint. (*See* ECF 110.) Plaintiff restated arguments rejected by this Court and the Third Circuit contending his "second amended complaint" should be accepted. (Res. at 3-4.) Contrary to Plaintiff's assertion that his appeal was remanded for an indicative ruling, the Third Circuit simply affirmed this Court's final judgment. (*Id.* at 3.) Third, as made abundantly clear by the Third Circuit in its September 4, 2025 judgment, this Court's dismissal of Plaintiff's Complaint with prejudice was affirmed. (ECF 106.) Accordingly, Plaintiff had no right to seek leave to further amend his complaint and the Court determines he has violated Rule 11(b); and

**WHEREAS** Rule 11(b) requires that a party certify that any pleading, written motion or other paper presented to the court (1) is not presented for any improper purpose such as to harass

or increase the costs of litigation; and (2) the legal contentions contained "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law." Fed. R. Civ. P. 11(b)(1), (2). Rule 11 sanctions are "intended to discourage the filing of frivolous, unsupported, or unreasonable claims." *Leuallen v. Borough of Paulsboro*, 180 F. Supp. 2d 615, 618 (D.N.J. 2002). It is well-established that *pro se* litigants are not immune from such sanctions. *See Unanue Casal v. Unanue Casal*, 132 F.R.D. 146, 152 (D.N.J. 1989) *aff'd*, 898 F.2d 839 (3d Cir. 1990). The imposition of sanctions should be no greater than necessary to deter a party's vexatious conduct in accordance with Rule 11(c)(4). *See Sosinavage v. Thomson*, No. 14-3292, 2019 WL 494824, at *4 (D.N.J. Feb. 8, 2019); and

**WHEREAS** Defendants submitted affidavits describing their services performed and costs incurred while responding to Plaintiff's Motion for Further Leave to Amend. (CMA CGM Mot.; Troy Mot.) CMA CGM requests fees in the amount of $3,812.50. (CMA CGM Mot. ¶¶ 6, 9.) Defendant Troy requests fees in the amount of $6,850.00. (Troy Mot. ¶¶ 14, 15); and

**WHEREAS** the Court has a responsibility to ensure that the deterrent effect of an award is not so great that it is punitive. *See Sosinavage*, 2019 WL 494824, at *5. Furthermore, courts must ensure that an award of fees is reasonable. *See* 28 U.S.C. § 2412(d)(2)(a). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Wells v. Astrue*, No. 08-5068, 2011 WL 4479050, at *1 (D.N.J. Sept. 26, 2011). The Court concludes that an attorney's fees award of $2,000 is sufficient to deter Plaintiff's vexatious conduct. Plaintiff has litigated actions arising from the same set of facts in the domestic and foreign courts, including the District of Connecticut, Southern District of New York, the Court of Appeals for the Third Circuit, the courts of Lome,

Togo, as well as this Court. (ECF 108 at 3.) Despite final judgment from the Third Circuit affirming denial of Plaintiff's Amended Complaint with prejudice, Plaintiff has continued to litigate this matter in flagrant disregard of the final orders of the federal courts. Therefore, imposition of a monetary penalty on Plaintiff is appropriate. *See, e.g.*, *Toll v. Am. Airlines, Inc.*, 166 F. App'x 633, 637 (3d Cir. 2006) (affirming a $2,000 award of attorneys' fees against an "experienced *pro se* litigator" who filed a frivolous complaint); *Nufrio v. Quintavella*, No. 11-3232, 2012 WL 458437, at *2-4 (D.N.J. Feb. 10, 2012) (imposing a $1,000 sanction against a *pro se* plaintiff with a "history of frivolous litigation"); and

**WHEREAS** the Court is obligated to consider mitigating factors such as a Plaintiff's ability to pay in assessing attorneys' fees as a Rule 11 sanction. *See Sosinavage*, 2021 WL 3910146, at *1("[A] particularly relevant equitable factor is the sanctioned party's ability to pay." (quoting *Doering v. Union Cnty Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988))). The Court concludes that a $2,000 penalty is affordable to Plaintiff, because he has not proceeded *in forma pauperis* in this matter and has been able to sustain the costs of filing fees. *See Nufrio v. Quintavella*, No. 11-3232, 2012 WL 458437, at *4 (D.N.J. Feb. 10, 2012) ("[Plaintiff] is not proceeding *in forma pauperis*, and so the sanction, while not insubstantial, is appropriate to his financial means."). Furthermore, Plaintiff's Response to the Court's show cause Order does not state that he is financially unable to pay any award of attorneys' fees, as he only argues that his litigation conduct was not improper. (*See generally* Res.) The Court finds it is reasonable to reduce the monetary sanction imposed on him to $2,000 rather than the $10,662.50 requested by Defendants, because the Court finds $2,000 is sufficient to deter Plaintiff from continuing to engage in vexatious conduct, and a larger fee would be unduly punitive. *See Sosinavage*, 2019 WL 494824, at *5. The Court also finds it appropriate to impose a lesser amount on Plaintiff than

what was requested by the parties because Plaintiff was not represented by counsel in this matter. *See Huertas v. Transunion, LLC*, No. 08-244, 2010 WL 1838410, at *3 (D.N.J. May 6, 2010) ("[T]he analysis of reasonableness takes into account the party's *pro se* status."). For these reasons, the Court therefore **ORDERS** Plaintiff to pay Defendant CMA CGM attorneys' fees in the amount of **$1,000** and **ORDERS** Plaintiff to pay Defendant Troy attorneys' fees in the amount of $**1,000**; and

**WHEREAS** Plaintiff filed a Motion to Strike the opposition briefs submitted by Defendants. (ECF 117.) Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is properly denied when a party "fail[s] to identify any statements constituting 'redundant, immaterial, impertinent, or scandalous matter.'" *See Glover v. Jacobs*, No. 25-1620, 2026 WL 810639, at *2 (3d Cir. Mar. 24, 2026) (quoting Fed. R. Civ. P. 12(f)); and

**WHEREAS** Plaintiff filed the present Motion to Strike on the grounds that Defendants failed to serve him with a copy of their opposition briefs. (ECF 117 at 1.) The Court notes that Plaintiff reiterates arguments made in his May 11, 2026 Response to this Court's Order to Show Cause. (*See* Res. at 1-2.) Furthermore, Plaintiff's argument concerning service does not properly call for a motion to strike because he has not identified statements violating the standard set forth in Rule 12(f). *See Glover*, 2026 WL 810639, at *2. Additionally, both Defendants filed proof of service with their opposition briefs. (*See* ECF 108 at 11; ECF 109 at 4.) Since Plaintiff does not properly challenge statements in accordance with Rule 12(f), the Court **DENIES** Plaintiff's Motion to Strike. Accordingly,

**IT IS** on this **16th** day of **October, 2026**

1. **ORDERED** that Plaintiff SALISSOU KARIM-SEIDOU, shall pay Defendant CMA CGM an award of attorneys' fees and costs in the amount of $1,000; and it is further
2. **ORDERED** that Plaintiff SALISSOU KARIM-SEIDOU, shall pay Defendant Troy an award of attorneys' fees and costs in the amount of $1,000; and it is further
3. **ORDERED** that the Clerk of Court is instructed to terminate the pending motions at ECF Nos. 115 and 116; and it is further
4. **ORDERED** that Plaintiff's Motion to Strike (ECF 117) is hereby **DENIED**; and it is further
5. **ORDERED** that a copy of this Opinion and Order shall be mailed to *pro se* Plaintiff SALISSOU KARIM-SEIDOU.

**SO ORDERED**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: José R. Almonte, U.S.M.J.
Parties